UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Arnold Johnson,                                    Case No. 08-CV-04717 (DWF/RLE)

Plaintiff,

                                                   **JOINT ANSWER OF**
vs.                                                **DEFENDANTS**

Officer Derek Peters, Officer Jeremiah Lund,
Officer Louis Bunde, Officer Robb Schrom,
Sergeant Kelly Simondet, and the
St. Cloud Police Department,

                                                   *Jury Trial Demanded*

Defendants.

---

COME NOW the defendants, Officer Derek Peters, Officer Jeremiah Lund, Officer Louis Bunde, Officer Robb Schrom, Sergeant Kelly Simondet, and the St. Cloud Police Department, and for their Joint Answer to plaintiff's Complaint, allege and state as follows:

I.

That they deny each and every matter and thing alleged in plaintiff's Complaint, except as admitted or qualified herein.

II.

That they deny any liability to the plaintiff, deny any wrongdoing as alleged by plaintiff and deny that plaintiff is entitled to any relief as requested in the Complaint.

III.

That with regard to paragraph 1 of plaintiff's Complaint, the defendants deny that plaintiff has presented a case in controversy so as to confer jurisdiction to this court. Defendants further deny that plaintiff has stated any claims under the Fourth or Fourteenth

Amendments to the U.S. Constitution, Minnesota constitutional claims or Minnesota common law claims.

IV.

That with regard to paragraph 2 of plaintiff's Complaint, defendants deny violating any of plaintiff's constitutional rights under the U.S. Constitution or the Minnesota Constitution and deny that the seizure of plaintiff was unreasonable.

V.

That defendants deny the allegations contained in paragraphs 3, 4, 46, 47, 49, 50, 52, 54, 55, 57, 58, 61, 63, 64, 65, 66, 67, 69 and 70 of plaintiff's Complaint.

VI.

That defendants are without sufficient information to admit or deny the allegations contained in paragraphs 5, 8, 9 and 44 of plaintiff's Complaint and therefore deny said allegations and put the plaintiff to proof.

VII.

That with regard to paragraph 6 of plaintiff's Complaint, defendants admit that the individual defendants were police officers with the St. Cloud Police Department for the City of St. Cloud and that they were acting under color of law, but defendants are without sufficient information to admit or deny the remainder of the allegations contained in paragraph 6 as the allegations are so vague as to be incapable of response.

VIII.

That with regard to paragraph 7 of plaintiff's Complaint, the individual defendants admit that they are employed by the City of St. Cloud and that the City of St. Cloud is a municipality.

IX.

That with regard to paragraph 10 of plaintiff's Complaint, defendants admit that Johnson drove a brown 1983 Mercury Marquis, but defendants are without information to admit or deny where Johnson drove such vehicle and therefore deny the same and put the plaintiff to proof. Defendants admit that Johnson was at a BP gas station located at 727 E. St. Germain Street, but defendants are without sufficient information to admit or deny the remainder of the allegations contained in the second sentence of paragraph 10 and therefore deny the same and put the plaintiff to proof.

X.

That with regard to paragraph 11 of plaintiff's Complaint, defendants admit that the vehicle was parked on the south side of the JM Speedstop, but deny the remainder of the allegations contained in said paragraph.

XI.

That with regard to paragraph 12 of plaintiff's Complaint, defendants admit that 911 received a call from at approximately 2:20 a.m. from a non-party witness, Mark Swankle, who reported, in part, the allegations contained in paragraph 12 of plaintiff's Complaint.

XII.

That with regard to paragraph 13 of plaintiff's Complaint, admit that Defendant Peters was dispatched by the dispatcher and that at some later point in time a Gold Cross Ambulance was called and then canceled, but defendants are without sufficient information to admit or deny the remaining allegations of said paragraph and therefore deny the same and put the plaintiff to proof.

## XIII.

That with regard to paragraph 14 of plaintiff's Complaint, Defendant Officer Peters stated on his MDT, "he is always sober too."

## XIV.

That defendants admit the allegations contained in paragraphs 15, 16, 17, 18, 20, 21, 22 and 43 of plaintiff's Complaint.

## XV.

That defendants admit the first, third and fourth sentences of paragraph 19 of plaintiff's Complaint, but deny the second sentence of said paragraph.

## XVI.

That with regard to paragraph 23 of plaintiff's Complaint, defendants deny interrogating Johnson, but admit the remainder of the allegations contained in said paragraph.

## XVII.

That with regard to paragraph 24 of plaintiff's Complaint, Defendants Peters and Lund admit that they were present inside the gas station with Johnson for approximately 30 minutes or so and that they questioned Johnson, but deny that they questioned Johnson continuously for 30 minutes.

## XVIII.

That with regard to paragraph 25 of plaintiff's Complaint, defendants admit that Johnson complained that police were harassing him and that he alleged that his brother was coming to the JM Speedstop to pick him up, but deny the remainder of the allegations contained in said paragraph.

4

XIX.

That defendants admit the first sentence of paragraph 26 of plaintiff's Complaint, but state that the second sentence calls for a legal conclusion and therefore no answer is required. With regard to the third sentence of paragraph 26, state that the defendant officers requested the information and therefore deny the allegations contained in said sentence. That with regard to the fourth sentence of paragraph 26, Defendants Peters and Lund observed indications that Johnson had not dialed anyone and was not talking to anyone and therefore defendants deny the allegations contained in said sentence.

XX.

That with regard to paragraph 27 of plaintiff's Complaint, Johnson and Defendants Peters and Lund were standing in the area in front of the register so the officers were concerned about disrupting the business, but defendants deny the remainder of the allegations contained in said paragraph.

XXI.

That defendants admit the first and second sentences of paragraph 28 of plaintiff's Complaint and with regard to the third sentence, state that Johnson did indicate that someone was on his way to pick him up.

XXII.

That with regard to paragraph 29 of plaintiff's Complaint, Defendants Peters and Lund admit that they directed Johnson to exit the store and that they attempted to escort Johnson to the door of the JM Speedstop.

XXIII.

That with regard to the first sentence of paragraph 30 of plaintiff's Complaint, defendants admit that as Defendants Peters and Lund attempted to escort Johnson towards the door, Johnson grabbed onto a newspaper stand. Defendants admit the allegations contained in the second and third sentences of paragraph 30.

XXIV.

That with regard to paragraphs 31 and 32 of plaintiff's Complaint, defendants admit that after Johnson was repeatedly ordered to comply and physically resisted officers, the officers repeatedly warned Johnson that he would be tased if he did not comply and as Johnson did not comply with the commands, the officers admit the allegations contained in paragraphs 31 and 32.

XXV.

That with regard to the allegations of Taser Events contained in paragraphs 32, 34, 37, 38, 39, 40 and 41, the term "Event" is vague and therefore defendants are unable to admit or deny the allegations concerning the numbered Taser Events.

XXVI.

That with regard to paragraph 33 of plaintiff's Complaint, defendants admit that Defendant Peters brought Johnson to the ground after Johnson physically resisted, repeatedly refused to comply with verbal commands and after efforts to use the Taser to gain control of Johnson were unsuccessful, defendants further admit that Johnson resisted their efforts to take him to the ground and as a result of Johnson's resistance, that Johnson may have struck a merchandise rack as he was brought to the floor. Defendants deny the remainder of the allegations contained in paragraph 33 of plaintiff's Complaint.

6

## XXVII.

That with regard to paragraph 34 of plaintiff's Complaint, defendants admit that a Taser was again deployed after the efforts to control Johnson were unsuccessful and Johnson threw merchandise at a delivery guy in the store. Defendants admit that Defendant Lund attempted to shoot Johnson with the Taser's probes and that Johnson started to sit up and then stood up despite repeated commands for him to get down and efforts to tase him. That defendants are without sufficient information to admit or deny whether 50,000 volts of electrical shock was delivered to Johnson's person and therefore deny the same and put the plaintiff to proof. Defendants deny the remainder of the allegations contained in paragraph 34 of plaintiff's Complaint.

## XXVIII.

That defendants admit the allegations contained in paragraph 35 of plaintiff's Complaint and that as they were dealing with the struggling Johnson they tried to call for another unit. That defendants admit that additional back-up units were called to the scene after the dispatcher did not hear a response from Officers Peters and Lund.

## XXIX.

That with regard to paragraph 36 of plaintiff's Complaint, defendants admit that Officers Schrom and Sayre later arrived on the scene to assist Officers Peters and Lund.

## XXX.

That defendants admit the first sentence of paragraph 37 of plaintiff's Complaint. With regard to the second sentence, defendants admit that Officer Schrom issued verbal orders for Johnson to get down on the ground and that Johnson was ordered by officers to put his hands behind his back, but Johnson refused to comply. Defendants admit that Officer

7

Schrom tased Johnson, but deny that it was done immediately after Johnson did not comply, as Johnson was given repeated commands before such actions occurred. Defendants admit the allegations contained in the final sentence of paragraph 37 of plaintiff's Complaint that Johnson did not comply with commands.

## XXXI.

That with regard to paragraph 38 of plaintiff's Complaint, defendants admit that officers tried to gain Johnson's compliance and tried to handcuff Johnson. Defendants further admit that Officer Schrom performed a drive-stun to Johnson's body after several orders for Johnson to get down on the ground and other efforts to gain physical control of Johnson.

## XXXII.

That with regard to paragraph 39 of plaintiff's Complaint, defendants admit that officers attempted to get Johnson's arms into a handcuffing position behind his back, but Johnson physically and verbally resisted. Defendants further admit that because officers were not able to get his arms behind his back, they again attempted to apply the Taser. Defendants admit that at some point an officer did apply a drive-stun to Johnson's left leg. Defendants are without sufficient information to admit or deny the remainder of the allegations contained in paragraph 39 of plaintiff's Complaint and therefore deny the same and put the plaintiff to proof.

## XXXIII.

That with regard to paragraph 40 of plaintiff's Complaint, defendants admit that at some point an officer indicated to tase Johnson in response to his resistant behavior and furthermore that a Taser drive-stun was subsequently attempted to be administered. With

regard to the remaining allegations contained in said paragraph, defendants state that the video/audio from the scene speaks for itself.

### XXXIV.

That with regard to the first and second sentences of paragraph 41 of plaintiff's Complaint, defendants admit that Officer Simondet arrived at the scene and was dressed in plain clothes.  With regard to the third sentence of paragraph 41, defendants admit that Johnson asked Officer Simondet to assist him, but defendants are without sufficient information to admit or deny the remainder of the allegations contained in the third sentence of paragraph 41 and therefore deny the same and put the plaintiff to proof.  That defendants admit the allegations of the fourth sentence of paragraph 41 and that Officer Simondet further showed Johnson his badge and said he was a St. Cloud police officer.  With regard to the fifth sentence of paragraph 41 of plaintiff's Complaint, defendants admit that during the officers' efforts to control the resistant Johnson, that Officer Simondet attempted a drive-stun to Johnson's leg.  Defendants are without sufficient information to admit or deny the remainder of the allegations contained in paragraph 41 of plaintiff's Complaint and therefore deny the same and put the plaintiff to proof.

### XXXV.

That with regard to the first sentence of paragraph 42 of plaintiff's Complaint, defendants admit attempting to utilize a Taser several times, however, efforts to tase Johnson were largely unsuccessful as the Taser either did not have an effect on Johnson or, if it did, Johnson continued to resist.  That with regard to the second sentence of paragraph 42, defendants admit that they were eventually able to handcuff Johnson and determined that Johnson needed to be placed in leg restraints.  Defendants are without sufficient information

9

to admit or deny the remainder of the allegations contained in paragraph 42 and therefore deny the same and put the plaintiff to proof.

## XXXVI.

That with regard to the allegations contained in paragraph 45 of plaintiff's Complaint that Johnson was unarmed, such allegations are made in hindsight and not known to the officers at the time of the incident.  With regard to the remainder of the allegations contained in paragraph 45, defendants admit that Johnson was not charged with committing a crime, but rather was placed on a mental health hold and defendants admit that while Johnson was physically, combative and non-cooperative that he was not attempting to run from the police officers, but deny the remainder of the allegations contained in paragraph 45.

## XXXVII.

That with regard to the first sentence of paragraph 48 of plaintiff's Complaint, defendants state that such allegations contain a legal conclusion and that the remainder of the allegations contained in said paragraph are so vague as to be incapable of response.

## XXXVIII.

That with regard to the allegations contained in paragraphs 51, 53, 56, 59, 62 and 68 of plaintiff's Complaint, no answer is required.

## XXXIX.

That with regard to paragraph 60 of plaintiff's Complaint, defendants deny that they engaged in false imprisonment and further affirmatively allege that their actions were authorized by Minnesota Statute and the U.S. Constitution and state the allegations contained in said paragraph are so vague as to time and specific acts as to be incapable of response.

XL.

That plaintiff's Complaint is barred for failure to state a claim upon which relief can be granted.

XLI.

That plaintiff's claims are barred because of no actual constitutional injury.

XLII.

That defendants' actions were at all times taken while acting in good faith and with the reasonable belief that their conduct was lawful, constitutional and proper.

XLIII.

That defendants deny that plaintiff sustained any injuries or damages as a result of the conduct of these defendants, but assert that if in fact plaintiff sustained any injuries or damages, such were due to, caused by, and are the result of his own intentional and/or unlawful and/or negligent conduct and thus the contributory fault of the plaintiff.

XLIV.

That all actions taken by these answering defendants were authorized by the laws of the State of Minnesota.

XLV.

That plaintiff is not entitled to any of the relief requested in his Complaint.

XLVI.

That plaintiff's claims against defendants are barred in whole or in part by the doctrines of qualified immunity and/or discretionary immunity and/or official immunity and/or all immunities provided by Minn. Stat. Chap. 466.

XLVII.

That the court lacks subject matter jurisdiction over these answering defendants.

XLVIII.

That plaintiff's claims are barred by the immunities set forth in Minn. Stat. Chap. 253B.

WHEREFORE, defendants pray that plaintiff take nothing against them by his pretended claim for relief herein; that they be given judgment for their costs, disbursements and attorney's fees and for such other relief as the court may deem just and equitable; and further defendants pray that plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of defendants in accordance with said Order of Dismissal.

DATED: _8-12-08_

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: _____
     JOSEPH E. FLYNN (A.R.#165712)
     Attorney for Defendants
     8519 Eagle Point Boulevard, Suite 100
     Lake Elmo, MN 55042-8624
     (651) 290-6500